John C. DeGraffenreid, *et al.* plaintiffs in error, *vs.* Rawson & Watson, defendants in error.

G. owed debts to R. & W.  With a view to prevent them from collecting the debts, he transferred to D. all of his property except a part insufficient to pay the debts. G. died, and C. administered on his estate. *Held*, that the relation between C. and D. was such that they might be sued jointly by R. & W.

In Equity, from Baker Superior Court. Decision on demurrer by Judge Allen, May Term, 1857.

This bill was filed by William A. Rawson and James R. Watson, in behalf of themselves and other creditors of Bartlett C. Green, deceased, against John C. DeGraffenreid and Joshua P. Crosby, administrator. The bill charges that

about the 22d April, 1854, said Green, with a view and for the purpose of defeating complainants in the collection of demands which they held against him, sold all his property, and took notes for the same from the purchasers, and placed said notes in the hands of John C. DeGraffenreid, who executed a receipt for the same, and on the same day DeGraffenreid gave to Green his promissory note for $316.00 ; said receipt and note amounting to about $2240.60. That this was almost the entire property or pecuniary means of said Green ; and about the 1st July, thereafter, said Green departed this life intestate, and Joshua P. Crosby was appointed his administrator. That complainants will be unable to realize their claims out of any estate or property belonging to said Green, except the funds aforesaid in the hands of DeGraffenreid ; and Green is otherwise insolvent. The prayer of the bill is that DeGraffenreid pay to complainants their claims, out of the assets thus fraudulently conveyed to him. The bill further stated that Crosby resided in the county of Baker, and DeGraffenreid in the county of Dougherty.

DeGraffenreid demurred to the bill. The Court overruled the demurrer and ordered defendant to plead or answer thereto, on or before the first day of the next Term, or that said bill be taken *pro confesso.*

To which decision, defendant excepted.

SLAUGHTER & ELY, for plaintiffs in error.

WARREN & WARREN, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

Two grounds were insisted on, in support of the demurrer ; one, that the suit was brought in Baker, and DeGraffenreid, one of the defendants, resided in Dougherty ; the other that an adequate remedy at law existed.

The validity of the first ground depends upon this : Whether there was *privity* between DeGraffenreid and Crosby, as the administrator of Bartlett C. Green.

DeGraffenreid et al. vs. Rawson and Watson.

The bill shows that Green, in his lifetime, transferred to DeGraffenreid all of his property except a small part—a part insufficient to pay the debts he owed to Rawson & Watson, the complainants in the bill—and that he did so with the view to prevent them from collecting their debts out of the property.

Now, this transaction was a *fraud* on Rawson & Watson; *and a* fraud to which both Green and DeGraffenreid were parties. It was, therefore, a transaction which laid a foundation for a suit against *both* of them, at the instance of Rawson and Watson. Therefore, if Green had been alive, and this suit had been against him and DeGraffenreid, the suit would have stood on a firm foundation.

There was then such a relation, (which, I suppose, we may call a relation of privity,) between *Green* and DeGraffenreid, by reason of this fraud, that they were liable to be sued jointly, in respect to it, by Rawson and Watson.

Crosby is but the administrator of Green, and therefore he takes the place of Green, and sustains the relations which Green sustained. Consequently, there must be such a relation between him and DeGraffenreid, that he and DeGraffenreid are liable to this suit, if Green and DeGraffenreid would have been liable to it, had Green been alive.

We think, then, that there was between DeGraffenreid and Crosby, as administrator of Green, such a privity as authorized a suit against them jointly; and therefore, we think that the first ground insisted on, in support of the demurrer, was not good.

Did a remedy at law exist? The assets in the administrator Crosby's hands were not sufficient to pay the debts. Therefore, as far as he was concerned, there did not exist a remedy at law.

It was argued by the counsel for the plaintiff in error, that an action for these debts lay against DeGraffenreid, as executor *de son tort* of Green.

This may admit of a doubt. There existed a regular administrator. 1 *Wm. Ex'rs.* 151, *and note (w.)*

But say that this is true, would the action prove an adequate remedy?

The bill says that what was transferred to DeGraffenreid, by Green, was in the form of *notes.*

But notes are not subject to seizure and sale, under a judgment.

The action, therefore, if brought, could result in no more than a return of *nulla bona.*

We do not think that an adequate remedy at law existed, as against either DeGraffenried or Crosby; consequently, we think the second ground, in support of the demurrer insisted on, was not good.

So we affirm the judgment of the Court below.

Judgment affirmed.